## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| MICHELLE MOORMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 0:20-cv-61372 |
| PROFESSIONAL REVENUE RECOVERY SOLUTIONS, INC., | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Michelle Moorman, (hereinafter "Plaintiff" or "Moorman") and files her Complaint against Defendant Professional Revenue Recovery Solutions, Inc. (hereinafter "Defendant" or "Professional Revenue Recovery Solutions") and states:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages and injunctive relief, pursuant to the Family Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. (hereinafter "FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's interference with Plaintiff's lawful exercise of her rights under the FMLA leading to her unlawful termination.

3. This is an action for monetary damages pursuant to FMLA.

### JURSIDICTION AND VENUE

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 134, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA.

1

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

6. Plaintiff, Michelle Moorman, is a citizen of the United States, and is and was, at all times material, a resident of the State of Florida and resided in Broward County, Florida.

7. Defendant, Professional Revenue Recovery Solutions, Inc., is a Florida For-Profit corporation authorized to conduct business in the State of Florida and doing business in Broward County, Florida.

8. Defendant is an employer as defined by all the laws under which this action is brought and employs the requisite number of employees.

## FACTS

9. At all times material, Plaintiff worked for Defendant in Sunrise, Florida.

10. Plaintiff was employed by Defendant for over one (1) year, from approximately November 2018 to December 2019, and during that time held the position as a Collections Specialist.

11. While employed by Defendant, Plaintiff satisfactorily preformed the job requirements of her position.

12. Plaintiff was a full-time employee who regularly worked 40 hours per week.

13. On or about July 2019, Plaintiff verbally informed Linda Blades, Human Resources Manager, that she required surgery to treat her disability and requested FMLA leave.

14. Ms. Blades instructed Plaintiff to postpone her surgery until after her one-year anniversary with Defendant so Plaintiff could utilize protected medical leave.

15. Plaintiff did as Ms. Blades instructed and postponed her surgery.

16. On or about October 2019, Plaintiff emailed Ms. Blades, informed her that she was scheduled to have surgery on November 14, 2019 and again requested FMLA information and documentation.

17. Plaintiff also emailed Ms. Blades about her upcoming doctor's appointments in preparation for surgery and provided doctor's notes following each appointment.

18. On or about October 2019, Plaintiff verbally informed her Supervisor, Martha Genao, of her upcoming surgery and medical leave.

19. Plaintiff previously explained to Ms. Genao that due to Plaintiff's disability, she would require surgery and that she experienced excruciating cramping and pain when it was too cold and wore a hooded sweatshirt to stay warm in the workplace.

20. Ms. Genao immediately expressed her discontent with Plaintiff's request for leave and prohibited Plaintiff from wearing hooded sweatshirts in the workplace.

21. Pamela Lee, Medical Records Specialist, an employee outside of Plaintiff's protected class, was permitted to wear a hooded sweatshirt at work on a daily basis.

22. Approximately one week before Plaintiff was scheduled to undergo surgery, Plaintiff reached out to Ms. Blades and requested a third request of FMLA information and documents as she refused to provide Plaintiff with the necessary forms and information about protected medical leave.

23. In fact, Ms. Blades informed Plaintiff that she was no longer eligible for protected medical leave because Defendant had allegedly dropped below the fifty (50) employee threshold.

24. Plaintiff had no choice but to take an unprotected medical leave of absence for her disability, as Plaintiff could not wait any longer to have surgery.

25. On or about November 13, 2019, Plaintiff emailed Ms. Blades a letter from her doctor stating Plaintiff's anticipated recovery time would be approximately eight (8) weeks and would be able to return to work on January 8, 2020.

26. On or about November 14, 2019, Plaintiff began her medical leave and underwent surgery as planned.

27. On or about December 6, 2019, Defendant terminated Plaintiff's employment due to its discriminatory animus towards Plaintiff's disability and in retaliation for requesting and taking protected medical leave.

28. Defendant intentionally provided Plaintiff with incorrect information about her eligibility for protected medical leave for her disability in order to interfere and discourage Plaintiff from taking protected medical leave for her disability.

29. Defendant unlawfully interfered with Plaintiff's rights under FMLA by refusing to provide requested FMLA information and documentation and terminated Plaintiff's employment in retaliation for Plaintiff exercise of her rights under FMLA.

30. Plaintiff has been damaged by Defendant's illegal conduct.

31. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## COUNT I: FMLA INTERFERENCE

32. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

33. Plaintiff was an employee for protected leave under the FMLA.

34. Defendant is and was an employer as defined by the FMLA.

35. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

36. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

37. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

38. Defendant's illegal conduct, in violation of the FMLA, has caused Plaintiffs to suffer a loss of pay, benefits and prestige, entitling her to an award of back pay, front pay under FMLA.

39. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

40. Plaintiff is also entitled to liquated damages under the FMLA because Defendant did not act in good faith.

## COUNT II: FMLA RETALIATION

41. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

42. Plaintiff was an employee eligible for protected leave under the FMLA.

43. Defendant is and was and employer as defined by FMLA.

44. Plaintiff exercised or attempted to exercise her rights under the FMLA.

45. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA Rights.

46. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice.

**WHEREFORE,** Plaintiff requests this Honorable Court:

      a.      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages and prejudgment interest thereon;

      b.      Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert witness fees); and

      c.      Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby request a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar No.: 99040
Spielberger Law Group
4890 W. Kennedy Blvd. Suite 950
Tampa, FL 33609
T: 800-965-1570
F: 866-580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Attorney for Plaintiff*